## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN THE MATTER OF: | : | MISCELLANEOUS CASE |
| | : | |
| | : | |
| MISCELLANEOUS ASSETS SEIZED FROM | : | NO. |
| BILL OMAR CARRASQUILLO | : | |

## **O R D E R**

AND NOW, this _____ day of _____, 2020, upon consideration of the government's motion under 18 U.S.C. § 983(a)(3) to extend for 90 days the period of time to obtain an indictment or file a complaint seeking forfeiture of the above-listed property, this Court agrees with and adopts the findings of the Chief Judge regarding the impact of the COVID-19 crisis on this case, and for good cause shown, the motion is GRANTED.  The time period within which the government must obtain an indictment or file a complaint in this matter with regard to the claim filed by Bill Omar Carrasquillo is extended to October 16, 2020.

_____
**United States District Judge**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN THE MATTER OF: | : | MISCELLANEOUS CASE |
| | : | |
| | : | |
| MISCELLANEOUS ASSETS SEIZED FROM | : | NO. |
| BILL OMAR CARRASQUILLO | : | |

**MOTION OF UNITED STATES OF AMERICA
FOR EXTENSION OF TIME TO OBTAIN INDICTMENT
OR FILE FORFEITURE COMPLAINT**

The United States of America, by its attorneys, William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, and David Weisberg, Special Assistant United States Attorney, pursuant to 18 U.S.C. § 983(a)(3), requests this Court to extend the period of time in which the government may obtain an indictment or file a civil complaint seeking forfeiture of the above-listed property for 90 days. In support of the motion, the government avers as follows:

1.  On November 21, 2019 and December 16, 2019, federal search and seizure warrants signed by United States Magistrate Judge Marilyn Heffley authorized the search of various real properties owned by Bill Omar Carrasquillo, as well as the seizure of certain property owned by Bill Omar Carrasquillo. Federal Bureau of Investigation, ("FBI") agents seized United States currency, the contents of bank accounts, and dozens of vehicles including cars and motorcycles (see Attachment A for list of assets seized which will hereinafter be referred to collectively as the "Seized Assets"). The search and seizure is part of a larger, ongoing federal investigation.

2. On or about January 17, 2020, as required by law, FBI sent direct written notices to Bill Omar Carrasquillo, among others, regarding the agency's intention to forfeit the Seized Assets.

3. On February 19, 2020, Bill Omar Carrasquillo, through counsel, filed a claim with FBI seeking the return of the Seized Assets. No other claims were received by FBI for the Seized Assets.

4. The Civil Asset Forfeiture Reform Act, 18 U.S.C. § 983, *et seq*. provides that, within 90 days after a claim for the return of property is filed, the government must obtain an indictment listing the seized property as being subject to forfeiture and take other steps necessary to preserve the seized property, file a civil complaint for forfeiture of the seized property, or obtain a court order extending the time period for good cause shown or upon agreement of the parties, as provided under federal law. *See* 18 U.S.C. § 983(a)(3)(A) and (B). Also, if the government does not obtain an indictment listing the seized property as being subject to forfeiture, file a civil forfeiture complaint, or obtain an extension of time, the government must release the property and not take any further civil forfeiture action against the property. *See* 18 U.S.C. § 983(a)(3)(B).

5. The government was therefore required to obtain an indictment listing the seized property as being subject to forfeiture, file a civil complaint for forfeiture, or obtain an extension of time in this case, on or before May 19, 2020, with respect to Bill Omar Carrasquillo's claim for the Seized Assets.

6. Pursuant to the April 30, 2020, Standing Order issued by Chief Judge Juan R. Sanchez of the Eastern District of Pennsylvania described below in paragraph 11, the

government's deadline under CAFRA to initiate judicial forfeiture proceedings for the Seized Assets was extended to July 18, 2020.

7. By this motion, the government, pursuant to 18 U.S.C. § 983(a)(3)(A), requests an additional extension of time of 90 days from the filing deadline, to obtain an indictment listing the seized property as being subject to forfeiture or file a civil complaint for forfeiture in this matter. With respect to Bill Omar Carrasquillo's claim for the Seized Assets, the government requests an extension of time to October 16, 2020, to obtain an indictment or file a complaint. The government submits that good cause exists to grant relief in this instance.

8. On March 13, 2020, the Chief Judge of this Court entered a Standing Order providing that, as a result of the emergency presented by the coronavirus disease COVID-19, all civil and criminal jury trials scheduled to begin between March 13, 2020, and April 13, 2020, before any district or magistrate judge in any courthouse in the Eastern District of Pennsylvania were continued pending further Court order. The Chief Judge described actions of public health authorities to limit the spread of the virus, and further described the impact of COVID-19 on the availability of jurors.

9. On March 18, 2020, the Chief Judge entered a supplemental Standing Order, stating in part:

> Developments during the short time since the March 13, 2020, Standing Order was issued reinforce the Court's finding, with regard to criminal jury trials, that the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. On March 15, 2020, the Centers for Disease Control and Prevention issued interim guidance recommending the cancelation of gatherings of more than 10 people for organizations that serve higher-risk populations. The following day, the President of the United States issued guidance recommending that people not gather in groups of more than 10 people for the ensuing 15 days. These developments further impede the Court's ability to proceed with jury selection and jury trials at this time. In addition, the Bureau of Prisons' suspension of most legal visitation for a 30-day period

beginning March 13, 2020, will limit defense counsel's ability to effectively prepare for trial.

Because the developments regarding COVID-19 in this district outlined above and in the March 13, 2020, Standing Order also adversely affect the Court's ability to maintain the continued operation of grand juries, it is ORDERED the deadlines for filing an indictment or information set forth in 18 U.S.C. § 3161(b) and (d)(1) are CONTINUED in every matter in this district. The Court finds the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. The time period of any continuance entered as a result of this Standing Order shall therefore be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). Any motion by a criminal defendant seeking an exception to this Standing Order for the purpose of exercising the defendant's speedy trial rights shall be referred to the Chief Judge.

10. On April 10, 2020, the Chief Judge issued an additional Standing Order extending the suspension of grand jury meetings through May 31, 2020. In explaining his Order, the Chief Judge described the worsening conditions caused by the COVID-19 outbreak since the entry of the earlier standing orders, the additional restrictions imposed by public health officials in response to those conditions, and the unavoidable impact of those circumstances on the ability to conduct grand jury proceedings.

11. On April 30, 2020, the Chief Judge issued an additional Standing Order extending the 90-day deadline established at 18 U.S.C. § 983(a)(3)(A) for the filing of a civil forfeiture complaint or inclusion of an asset in a criminal indictment, in which the Eastern District of Pennsylvania has venue, following a federal agency's receipt of a timely administrative claim between January 21, 2020, and April 30, 2020, to 150 days instead of the statutory 90-day period.  The Chief Judge found that, in light of the COVID-19 pandemic, compliance with the statutory deadlines under 18 U.S.C. § 983, is likely to endanger the life or physical safety of the government employees and contractors responsible for carrying out the duties of the agencies' administrative forfeiture programs, justifying the 60-day extension of the deadline pursuant to 18 U.S.C. § 983(a)(3)(A).

12. On May 29, 2020, the Chief Judge issued an additional Standing Order extending the suspension of grand jury meetings through June 30, 2020. In explaining his Order, the Chief Judge described the significant threat that COVID-19 continues to pose, the stay-at-home orders in the district that remain in place, and the continuing guidance from the Centers for Disease Control that individuals stay home as much as possible, refrain from gathering in groups, avoid using public transportation, ridesharing, or taxis, refrain from non-essential travel, and maintain at least six feet of physical distance from others outside the home. The Chief Judge explained that these circumstances continue to significantly impact court operations in this district, including the ability to proceed with grand jury meetings and jury trials. The Chief Judge concluded:

> The Court finds the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. Because of the temporary unavailability of a grand jury in this district due to ongoing COVID-19 public health emergency, it is unreasonable to expect return and filing of an indictment within the period specified under § 3161(b). *See* 18 U.S.C. § 3161(h)(7)(B)(iii). In computing the time within which an indictment or information must be filed under 18 U.S.C. § 3161(b) or (d)(1), the additional period of time from May 31, 2020, through June 30, 2020, shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), in all cases in this district. This period of exclusion is in addition to the period of exclusion previously granted for the time period from March 18, 2020, through May 31, 2020. The Court may extend the period of exclusion as circumstances warrant. Any motion by a criminal defendant seeking an exception to this Standing Order for the purpose of exercising the defendant's speedy trial rights shall be referred to the Chief Judge.

13. On June 30, 2020, the Chief Judge issued an additional Standing Order stating:

> Because grand juries continue to be unavailable in this district at this time due to the current public health situation, the deadlines for filing an indictment or information under 18 U.S.C. § 3161(b) and (d)(1), which were previously continued in the Standing Orders issued on March 18, April 10, and May 29, shall remain continued through the earlier of July

>31, 2020, or the date the requisite quorum of grand jurors is obtained to consider the particular matter. The Court finds the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. In light of the Because grand juries continue to be unavailable in this district at this time due to the current public health situation, the deadlines for filing an indictment or information under 18 U.S.C. § 3161(b) and (d)(1), which were previously continued in the Standing Orders issued on March 18, April 10, and May 29, shall remain continued through the earlier of July 31, 2020, or the date the requisite quorum of grand jurors is obtained to consider the particular matter. The Court finds the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. In light of the temporary unavailability of a grand jury in this district due to the ongoing COVID-19 public health emergency, it is unreasonable to expect return and filing of an indictment within the period specified under § 3161(b). *See* 18 U.S.C. § 3161(h)(7)(B)(iii).

14. As the Chief Judge found, the crisis presented by COVID-19 affects the orderly operation of the criminal justice system. Restrictions on public movement impede the ability of law enforcement officials to gather evidence, meet with witnesses, and present evidence to a grand jury, and, as the Chief Judge stated, limit the ability of defense counsel to meet with clients and otherwise prepare a defense.

15. The claim in this case was filed on February 19, 2020, and the Chief Judge has accordingly found that good cause exists to extend the deadline for the government to file a complaint or include the asset in a criminal indictment in this case. Moreover, in this particular case, the government estimates that it requires the continuance requested here in order to complete its investigation.

16. The government is continuing to collect and review evidence regarding the seizure of the Seized Assets. That collection and review has been hampered by the COVID-19 pandemic in several ways. First, because no grand jury has sat in this district since early March 2020, the government has been unable to collect witness testimony. Second, certain evidence, including dozens of hard drives containing terabytes of information stored on servers belonging

to the targets of the investigation, is being collected from foreign countries, including Canada, by way of Mutual Legal Assistance Treaties.  According to authorities in Canada, the COVID-19 pandemic, and Canada's response thereto, has slowed their ability to collect the requested evidence. Even after receipt of the evidence, the government will require substantial time to review and analyze the voluminous responsive data.   Third, witness interviews and analysis of evidence has been delayed because of the COVID-19 precautions.

17. Therefore, the government needs to collect, review, and analyze additional information before it can conclude its investigation.  The requested extension of time also will enable the government to identify legal and factual issues involving the seizure and forfeiture of the Seized Assets, and to fully consider the claim for the return of the Seized Assets.  Also, before taking final action, government counsel must obtain supervisory approval of any proposed forfeiture complaint or any proposed settlement.

18. The government submits that the requested extension of 90 days is reasonable under the circumstances.  The government also submits that the requested extension of time is made in good faith and is not intended to unduly delay these proceedings.   This request is the government's first judicial request for an extension of time to obtain an indictment or file a complaint, and it will not unduly prejudice the claimant.

WHEREFORE, based on the foregoing, the government requests that this Court grant the motion.

                              Respectfully submitted,

                              WILLIAM M. McSWAIN
                              United States Attorney

                              SARAH L. GRIEB
                              Assistant United States Attorney
                              Chief, Asset Recovery and Financial Litigation

                              */s David Weisberg*
                              DAVID WEISBERG
                              Special Assistant United States Attorney

Date: July 14, 2020

# ATTACHMENT A

- 9 -

**Seized Assets**

1. 2019 Jeep Wrangler, VIN# 1C4HJXEG6KW570874;
2. 2018 Dodge Commercial ProMaster 2500 159" W.B. High Roof, VIN# 3C6TRVDG7JE148833;
3. 2020 Lamborghini Huracan, VIN # ZHWUF4ZF9LLA12725;
4. 2019 Suzuki Motorcycle, VIN # JS1SK44A0K7101007;
5. 2019 Chevrolet Camaro, VIN # 1G1FH1R79K0108119;
6. 2018 Dodge Durango, VIN # 1C4SDJGJ4JC416019;
7. 2019 Suzuki DRZ400 Motorcycle, VIN # JS1SK44A3K7100952
8. 2019 Yamaha 700R 4-Wheel Off Road Vehicle, VIN # 5Y4AM8631KA104297;
9. 2020 Jeep Gladiator, VIN# 1C6JJTBG2LL101726;
10. 2019 Dodge Challenger, VIN # 2C3CDZL9XKH591151;
11. 2018 Suzuki DRZ400 Motorcycle, VIN # JS1SK44A9J2102474;
12. 2017 Ford F350, VIN # 1FT8W3DT9HED56274;
13. $20,020.00 U.S. Currency seized on November 20, 2019, from 3412 North Hope St., Philadelphia, PA;
14. 2019 Can-Am Ryker, VIN # 3JB2FEG49KJ002752;
15. 2019 Audi A7, VIN# WAUS2AF24KN105368;
16. $1,190.00 U.S. Currency seized on November 20, 2019, from 1407 Lorimer Avenue, Huntingdon Valley, PA;
17. $20,850.00 U.S. Currency seized from a 2020 Bentley Continental VIN: SCBCG2ZG1LC074750 registered to and in possession of Bill Omar Carrasquillo;
18. $80,000 U.S. Currency seized from a 2018 Mercedes Benz AMG VIN: WDD7X8KB9KA001903 registered to Claudio Roman, Jr. and in possession of Bill Omar Carrasquillo;
19. 2018 KTM 1290 Super Duke Motorcycle, VIN# VBKV39400JM987624;
20. 2019 Ford Mustang, VIN# 1FA6P8TH2K5180423;
21. 2019 Acura NSX, VIN# 19UNC1B0XKY000173;
22. 2015 Lamborghini Huracan, VIN # ZHWUC1ZF4FLA02602;
23. 2019 Lamborghini Aventador, VIN # ZHWUV4ZD0KLA07980;
24. 2018 Jeep Grand Cherokee, VIN # 1C4RJFN91JC405394;
25. 2019 Mercedes Benz GLE Class Utility AMG Sports Coupe, VIN # 4JGED6EB4KA139824;
26. 2020 Toyota Supra, VIN # WZ1DB4C05LW022111;
27. Bentley Continental GT / SuperSport Coupe, VIN # SCBCG2ZG1LC074750;
28. Jeep Grand Cherokee Trackhawk 4WD 6.2L V8 Supercharged, VIN # 1C4RJFN93JC224779;
29. 2016 Ford Mustang, VIN # 1FA6P8CF0G5319034;
30. 2016 Dodge Charger, VIN # 2C3CDXL9XGH312311;
31. 2017 Chevrolet Tahoe, VIN # 1GNSKDEC8HR228971;
32. 2019 Honda Civic, VIN # SHHFK8G70KU200613;
33. 1996 Chevrolet Caprice, VIN #1G1BL52P0TR122129;
34. 2020 BMW M8, VIN #WBSAE0C00LBM08405

35. 2019 Chevrolet Corvette, VIN #1G1YY2D77K5104515;
36. 2019 Dodge Ram, VIN #1C6SRFHT8KN533937;
37. Backdraft Roadster Coupe, VIN #AE9BMAAH3H1MT1025;
38. 2016 Dodge Challenger, VIN #2C3CDZC91GH113370;
39. Mercedes Benz GT63C4S, VIN #WDD7X8KB9KA001903;
40. Dodge Grand Caravan SE, VIN #2C4RDGBG5KR751876;
41. 2018 Polaris Outlaw, VIN #RF3YAK05XJT065024;
42. 2019 Polaris Ranger XP with Plow, VIN #4XARRW990K8546570;
43. 2019 Yamaha 50 Child's Motorcycle, VIN #LBPCA0230K0013324;
44. 2020 Yamaha PW50, VIN #JYA3PT136LA028317;
45. 2018 KTM 690 Duke, VIN #VBKLDV401JM714429;
46. 2019 Yamaha Raptor ATV, VIN #RF3AB1131KT004006;
47. 2019 Honda 110 Motorcycle, VIN #LALJE024XK3101900;
48. 2019 Polaris RZR ATV, VIN #RF3YAV171KT029290;
49. 2019 Honda TRX ATV, VIN #1HFTE2733K4801310;
50. 2019 Honda 110 Motorcycle, VIN #LALJE0245K3102145;
51. 2019 KTM 790 Duke, VIN #VBKTU6406KM739334;
52. 2019 KTM 390 Duke Motorcycle, VIN #MD2JPJ401KC216497;
53. 2019 KTM 390 Duke Motorcycle, VIN #MD2JPJ402KC206710;
54. 2018 Honda CTX700N Motorcycle, VIN #JH2RC6840JK300174;
55. 2019 Honda Rebel 500 Motorcycle, VIN #MLHPC5605K5201678;
56. 2018 Honda Rebel 500 Motorcycle, VIN #MLHPC5601J5100071;
57. 2019 KTM 790 Motorcycle, VIN #VBKTR3409KM765748;
58. 2019 Honda CRF450L Motorcycle, VIN #JH2PD1115KK002373;
59. 2019 Yamaha YZ125 Motorcycle, VIN #JYACE16C6KA039562;
60. 2019 Lamborghini URUS 2019, VIN #ZPBUA1ZL9KLA01398;
61. 2020 Audi R8, VIN #WUAEEAFX1L7900342;
62. Net Proceeds of $6,000.00 from sale of 2018 Yamaha Raptor 700 seized on December 17, 2019, in Deptford, NJ.

**CERTIFICATE OF SERVICE**

It is hereby certified that a true and correct copy of the MOTION OF UNITED STATES OF AMERICA FOR EXTENSION OF TIME TO OBTAIN INDICTMENT OR FILE FORFEITURE COMPLAINT was served by email:

Donte Mills, Esquire
Attorney for Claimant Bill Omar Carrasquillo

*/s David Weisberg*
DAVID WEISBERG
Special Assistant United States Attorney

Date: July 14, 2020